**Varinder Singh SAHI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75100.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 13, 2006.

Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Sean Kevin Carman, Esq., Office of the General Counsel U.S. Department of Commerce, Seattle, WA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony P. Nicastro, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, RYMER and FISHER, Circuit Judges.

## MEMORANDUM **

Varinder Singh Sahi, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the ruling of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 851 (9th Cir.2004). We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion, *Chen v. Ashcroft,* 362 F.3d 611, 616 (9th Cir.2004), and we deny the petition for review.

In arriving at her adverse credibility determination, the IJ cited to several inconsistencies in Sahi's testimony as well as Sahi's inability to succinctly articulate certain tenets of the Sikh faith. Given the deference that is due to the IJ's adverse credibility finding, *see Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), we cannot say that the record compels us to hold that Sahi was a credible witness. The IJ gave specific and cogent reasons for his finding, *see Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003), and these reasons are supported by substantial evidence.

Because Sahi failed to satisfy the lower standard of proof for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Finally, substantial evidence supports the IJ's denial of Sahi's CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to India. *See Malhi,* 336 F.3d at 993.

## PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.